# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA AARON BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-CV-94-SNLJ |
| | ) | |
| STE. GENEVIEVE COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's complaint [Doc. #1].

Plaintiff, an inmate at the Ste. Genevieve County Jail, brings this action pursuant to 42 U.S.C. § 1983. The named defendants are Ste. Genevieve County, St. Francois County, Michael Bauer (a police officer), Chris Roemer (a police officer), Gary J. Stolzer (a sheriff), Dan Bullock (a sheriff), and Allen Wells (the Central Dispatch director for Ste. Genevieve County and St. Francis County). Plaintiff alleges that he was the subject of an unconstitutional search and arrest at his home in Ste. Genevieve County on April 7, 2014. Plaintiff states that defendants Bauer and Roemer "conducted a search for drugs and drug paraphernalia. They did not have probable cause to do this."

The Court takes judicial notice that plaintiff's April 7 arrest was followed by criminal proceedings. More specifically, prior to this case being filed, an

underlying state criminal case was filed against plaintiff in Ste. Genevieve County, wherein he was charged with possession of a controlled substance, unlawful use of drug paraphernalia - amphetamine/methamphetamine, resisting arrest, endangering the welfare of a child (two counts), delivering/attempting to deliver/possess/deposit/conceal a controlled substance at a jail, and unlawful use of drug paraphernalia. *See State of Mo. v. Bell*, No. 14SG-CR00180-01 (24th Judicial Circuit 2014). It appears from the docket posted on Missouri.Case.Net that this criminal case remains pending and has a trial date of July 15, 2014.

## Discussion

In *Wallace v. Kato*, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace,* 549 U.S. 384, 397 (2007). The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to

"speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In the instant case, plaintiff specifically asserts a claim for false arrest relating to the events for which he was arrested on April 7, 2014. He also asserts additional claims under the Fourth Amendment for illegal search and seizure.

It is too early to determine whether a conviction in the criminal action relating to plaintiff's April 2014 arrest will bar some or all of plaintiff's claims pursuant to the principles of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), but this is a possibility. *See id.* at 487 n.6. Nevertheless, after careful consideration, the Court finds that the principles established in *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal charges pending against him are resolved.

Accordingly,

**IT IS HEREBY ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the above-referenced criminal charges currently pending against plaintiff in Ste. Genevieve County, Missouri. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the above-referenced state criminal charges pending against him, no later than thirty (30) days after final disposition of the state charges; plaintiff shall include the names of the parties, the court in which the case was pending, and the case number.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the state criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** without prejudice.[1]

A separate order to stay and administratively close this case shall accompany this memorandum and order.

Dated this 27th day of June, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[1] If, and when, plaintiff files a motion to reopen this case following final disposition of the state criminal charges against him, the Court will re-evaluate his in forma pauperis status to determine the sufficiency of his inmate funds.