UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA AARON BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-CV-94-SNLJ |
| | ) | |
| STE. GENEVIEVE COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to reopen this case [Doc. #17]. For the following reasons, the motion will be granted. In addition, plaintiff will be instructed to file an amended complaint, in accordance with the instructions set forth below, and to either pay the full filing fee or file a motion for leave to proceed in forma pauperis along with a certified inmate account statement.

### **Background**

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, brought this action in June 2014, pursuant to 42 U.S.C. § 1983, when he was a pretrial detainee at the Ste. Genevieve County Jail. Plaintiff alleged that he was the subject of an unconstitutional search and arrest at his home in Ste. Genevieve County on April 7, 2014.

1

The Court took judicial notice that plaintiff's April 7 arrest was followed by state criminal proceedings. More specifically, prior to the instant case being filed, an underlying state criminal case was filed against plaintiff in Ste. Genevieve County, wherein he was charged with possession of a controlled substance, unlawful use of drug paraphernalia - amphetamine/methamphetamine, resisting arrest, endangering the welfare of a child (two counts), delivering/attempting to deliver/possess/deposit/conceal a controlled substance at a jail, and unlawful use of drug paraphernalia. *See State of Mo. v. Bell*, No. 14SG-CR00180-01 (24th Judicial Circuit 2014).

Relying on *Wallace v. Kato*, 549 U.S. 384 (2007), this Court held that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal charges pending against him were resolved. In addition, this Court noted that it was too early to determine whether a conviction in the criminal action relating to plaintiff's April 2014 arrest would bar some or all of plaintiff's claims pursuant to the principles of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

## Discussion

On September 8, 2015, plaintiff filed a motion to reopen this case [Doc. #17]. Plaintiff states that he entered Alford guilty pleas to two counts of possession of controlled substances. Plaintiff states that he was sentenced to seven years'

imprisonment on each count, to run consecutively. A review of Missouri CaseNet indicates that the Alford pleas were entered on August 18, 2015. Plaintiff states that action constituted a final disposition of his state criminal charges. As such, the Court will grant plaintiff's motion to reopen this case.

The Court notes that when this action was administratively closed on June 27, 2014, all pending motions were denied without prejudice, including plaintiff's motion for leave to proceed in forma pauperis. Because plaintiff has not paid the filing fee in this action, the Court will allow him time to file a motion for leave to proceed in forma pauperis, along with a certified copy of his inmate account statement.

In addition, the Court notes that plaintiff had filed a motion to amend or correct the complaint, which was denied on July 24, 2015. Given that the instant case will be reopened, the Court will instruct plaintiff to file an amended complaint on a Court-provided form, in accordance with the specific instructions set forth below.

All claims in an action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental and prior pleadings in order to piece together plaintiff's claims. **As such, plaintiff is warned that the filing of an amended complaint replaces the original**

**complaint and all previously-filed pleadings, and therefore, he must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**. *Id*. **Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this Court reviews.** *See id*. **If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint.**

Plaintiff should not attach any exhibits to the amended complaint; all claims should be clearly set forth in the "Statement of Claim." In addition, in the "Caption" of the amended complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated and the capacity in which the defendant is being sued. Plaintiff shall proceed in this manner with each of the named defendants, *separately* setting forth

each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated. The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim"; however, as previously stated, plaintiff shall not attach any exhibits to the pleading. Plaintiff shall sign the amended complaint.

Plaintiff is reminded that he is required to submit his amended complaint on a Court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's failure to make specific and actionable allegations against any of defendant(s) will result in that individual's dismissal from this case.[1]

Last, if plaintiff fails to file an amended complaint on a Court form in accordance with the Court's instructions, this action will be dismissed without prejudice and without further notice.

---

[1] The Court will review plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen this case [Doc. #17] is **GRANTED**.

**IT IS FURTHER ORDERED** that, **on or before October 8, 2015**, plaintiff shall either pay the entire $400 filing fee, or he shall file a motion for leave to proceed in forma pauperis along with a certified copy of his prison account statement for past six-months.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that, consistent with this Order, plaintiff shall file an amended complaint on the Court-provided form **on or before October 8, 2015**.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 9th day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE