# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSHUA AARON BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:14-CV-94-SNLJ |
| | ) |
| STE. GENEVIEVE COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint [Doc. #22] pursuant to 28 U.S.C. § 1915(e). In addition, plaintiff has filed a motion for leave to proceed in forma pauperis [Doc. #23], as well as a certified inmate account statement [Doc. #24]. Based on plaintiff's financial information, the Court will grant him in forma pauperis status and will assess an initial partial filing fee of $3.27. Moreover and for the reasons set forth below, this case will be dismissed, without prejudice, under 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in

either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id*. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 680-82. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 681. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681-82. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id*. In

reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## I. Background

Plaintiff, an inmate at the Maryville Treatment Center, brought this action in June 2014, pursuant to 42 U.S.C. § 1983, when he was a pretrial detainee at the Ste. Genevieve County Jail. Plaintiff alleged that he was the subject of an unconstitutional search and arrest at his home in Ste. Genevieve County on April 7, 2014.

The Court took judicial notice that plaintiff's April 7 arrest was followed by state criminal proceedings. More specifically, prior to the instant case being filed, an underlying state criminal case was filed against plaintiff in Ste. Genevieve County, wherein he was charged with possession of a controlled substance, unlawful use of drug paraphernalia - amphetamine/methamphetamine, resisting arrest, endangering the welfare of a child (two counts), delivering/attempting to deliver/possess/deposit/conceal a controlled substance at a jail, and unlawful use of

drug paraphernalia. *See State of Mo. v. Bell*, No. 14SG-CR00180-01 (24th Judicial Circuit 2014).

Relying on *Wallace v. Kato*, 549 U.S. 384 (2007), this Court held that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal charges pending against him were resolved. In addition, this Court noted that it was too early to determine whether a conviction in the criminal action relating to plaintiff's April 2014 arrest would bar some or all of plaintiff's claims pursuant to the principles of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

On September 8, 2015, plaintiff filed a motion to reopen this case [Doc. #17]. Plaintiff states that he entered *Alford* guilty pleas to two counts of possession of controlled substances. Plaintiff states that he was sentenced to seven years' imprisonment on each count, to run consecutively. A review of Missouri CaseNet indicates that the Alford pleas were entered on August 18, 2015. Plaintiff states that this action constituted a final disposition of his underlying state criminal charges. As such, the Court granted plaintiff's motion to reopen this case and instructed him to file an amended complaint.

## II. The Amended Complaint

In the amended complaint, plaintiff names the following defendants: Ste. Genevieve County, St. Francis County, Allen Wells, Michael Bauer, and Chris

Roemer. Plaintiff alleges that defendant Wells "pinged [his] cell phone without a warrant," and defendants Bauer and Roemer searched his home without a warrant and used excessive force in arresting him. Plaintiff further alleges that Bauer manufactured false evidence and committed perjury at trial.

### III. Discussion

Plaintiff brings this action against defendants in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Official-capacity suits are tantamount to suits brought directly against the public entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. *Brandon v. Holt*, 469 U.S. 464, 473 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Because plaintiff does not claim that a public entity's policy or custom was responsible for the violation of his constitutional rights, the amended complaint is legally frivolous and fails to state a claim or cause of action under § 1983 against defendants.

As additional grounds for dismissing this action, the Court finds that plaintiff's claims are presently barred under the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or sentence, or for harm caused by actions that would render a conviction or sentence invalid, a § 1983 plaintiff must first prove that his conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.

In the case at bar, plaintiff's claims are *Heck*-barred in light of plaintiff's recent *Alford* pleas. *See Havens v. Johnson*, 783 F.3d 776, 777, 784 (10th Cir. 2015). In other words, success on plaintiff's § 1983 claims necessarily would impugn the validity of his *Alford* guilty-plea convictions/sentences. The *Heck* doctrine derives from the existence of a valid conviction, not the mechanism by which the conviction was obtained (such as admissions by the defendant), so it is irrelevant that plaintiff entered an *Alford* plea. *See id; Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006) ("[W]e hold that a conviction based on an *Alford* plea can be used to impose *Heck's* favorable termination rule."); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (applying *Heck* to the plaintiff's *Alford* plea to assault with a deadly weapon); *Carbajal v. Hotsenpiller*, 524 Fed.Appx. 425, 428 (10th Cir.2013)

("We agree with the district court that [the plaintiff's] abuse of process, false imprisonment, and conspiracy claims are barred by *Heck*. All three claims rest on [the plaintiff's] allegation that the charges for which he entered an *Alford* plea were false."); *Green v. Chvala*, 567 Fed.Appx. 458, 459 (7th Cir.2014) ("Like any plea, an *Alford* plea results in a conviction to which *Heck* applies."). As such, before proceeding with his claims, plaintiff must show that his state convictions/sentences have been reversed, expunged, or called into question, which, to date, he has not alleged or demonstrated. This he has failed to do.

For these reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #23] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $3.27 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the pleadings are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of October, 2015.

_____
**UNITED STATES DISTRICT JUDGE**